SOCIETE ANONYME DE LA DISTILLERIE DE LA LIQUEUR BENEDICTINE DE L'ABBAYE DE FECAMP *v.* COOK *et al.*

*(Circuit Court, S. D. New York.* November, 11, 1889.)

FEDERAL COURTS—JURISDICTION—FEDERAL QUESTION.

    In an action to restrain defendants from using bottles and labels in imitation of those of the plaintiff, where the patent for the design of such bottles has expired, the question whether defendants are using the same in good faith, in which case their acts would be lawful, or for the purpose of misleading the public to believe that they are selling the article made by plaintiff, in which case the expiration of the patent would be no defense, does not arise under the laws of the United States so as to give the federal courts jurisdiction.

On motion to remand.

*Charles Bulkley Hubbell*, for complainant.

*Gifford & Brown*, for defendants.

WALLACE, J. The question which arises on this motion to remand this suit to the state court, from which it was removed, is whether the suit involves a federal question. The action is brought to restrain the defendants from unlawful competition in business, and the complaint alleges that the defendants are fraudulently selling a liquor or cordial in imitation of that of plaintiff, by using labels, bottles, and other accessories in imitation of those previously used by the plaintiff. The answer, among other things, alleges that letters patent of the United States for a design for a bottle were granted in 1868; that the term of the patent has expired; and that the bottles, labels, etc., which defendants are using, are those which have become public property ever since the expiration of the patent. If the defendants are in good faith using the bottles and labels of the patent, their acts to that extent are lawful, and would no more be an infringement of the rights of the plaintiff than if they were using them with the consent of the plaintiff, and had acquired a valid right to use them before the right of the plaintiff accrued. But if they are using them under false colors, as devices, among others, intended to lead the public to believe that they are selling the liquor made by the plaintiff, they cannot shelter themselves behind the expired patent. In either view of the facts that may appear, the question is one to be determined by the principles of general jurisprudence, and does not arise under the laws of the United States. The motion is granted.